UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PORTIA HARTENCIA JORDAN,

                              Plaintiff,

            -v-

GOLDEN BRIDGE BOOKS,

                              Defendant.

22 Civ. 6154 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has carefully reviewed plaintiff Portia Hartencia Jordan's ("Jordan") motion

for a temporary restraining order, *see* Dkts. 28, 29 ("Mot."), defendant Golden Bridge Books's

("Golden Bridge") opposition letter, sent via email, *see* Dkt. 33 ("Opp."), and Jordan's reply, *see*

Dkt. 35 ("Reply"). For the following reasons, the Court denies Jordan's motion.

As alleged in the complaint, Jordan is a Bahamian resident and copyright holder of a

book called *Herbal Medicines and Home Remedies: A Potpourri in Bahamian Culture* (the

"Book"). Dkt. 1 ("Compl.") ¶¶ 8, 12. Jordan claims that Golden Bridge, a bookseller with an

address in Canada, has been selling illegally copied versions of the Book through online

platforms since 2004. *Id.* ¶¶ 10, 15–18. She claims that, although she printed fewer than 500

copies of the Book, with distribution limited to the Bahamas, she was able to purchase two used

copies of the Book from Golden Bridge. Mot. at 3. She further alleges that Golden Bridge has

"re-established itself multiple times" under different web platform aliases, so as to evade service

in this suit. *Id.* at 5. Jordan brings claims for copyright infringement, unfair competition, and

violation of the Digital Millennium Copyright Act. Compl. ¶¶ 22–42.

Jordan argues that the Court should enter a temporary restraining order that, *inter alia*, (1) enjoins Golden Bridge from copying and selling the Book, (2) prevents the fraudulent transfer of assets from Golden Bridge's online store accounts to enable Jordan to account for sales derived from the Book, and (3) orders third parties, including the online sales platforms at issue, to disable any accounts used by Golden Bridge to sell copyright-infringing versions of the Book and restrain all funds transmitted to Golden Bridge's accounts. *See* Dkt. 30 (proposed temporary restraining order). Jordan contends that she is likely to succeed on the merits of her claims and will suffer irreparable harm absent injunctive relief, on the grounds that Golden Bridge "is causing consumers to refrain from buying a true copy of [the] Book" and "is selling illicitly manufactured copies of the Book, that are labeled as 'used' copies, negatively influencing readers that [the] Book is inferior, used quality." Mot. at 2; *see also id.* at 9–16.

In response, Golden Bridge denies producing illegal copies of the Book. It states that its only role in selling the Book is cross-listing legally published used versions of the Book on certain online marketplaces. Opp. at 3–5. Golden Bridge also states that, because the Book "does not even meet our minimum book listing criteria of $10 on the used book market," it "will certainly throw this book into the garbage bins whenever [it] see[s] the book again in future." *Id.* at 6. In reply, Jordan maintains that the two copies obtained through Golden Bridge were "newly manufactured," Reply at 3, and that, even as a book-sourcing agent, Golden Bridge is liable for copyright infringement, *id.* at 5–6.

A temporary restraining order, like a preliminary injunction, "is an extraordinary remedy never awarded as of right." *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (citation omitted). A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416 (JSR), 2011 WL 4634172, at *1 (S.D.N.Y. Oct. 4, 2011) (citation omitted). As to the merits of a copyright claim, the plaintiff "must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). To satisfy the second element, "a plaintiff must show both that his work was actually copied and that the portion copied amounts to an improper or unlawful appropriation." *Id.* (citation omitted).

The Court finds that Jordan has not demonstrated a likelihood of success on the merits of her claims, and accordingly denies her application for injunctive relief. Jordan's evidence falls short of demonstrating that the versions sold were unauthorized copies. The record to date leaves it entirely possible that legal copies of the Book sold to individuals in the United States and/or Canada and subsequently put on sale via Golden Bridge were "used" copies, such that Golden Bridge did not sell, let alone create, any new versions. Jordan thus has failed to demonstrate that Golden Bridge ever made any copies of the Book. Moreover, in light of Golden Bridge's representation that it will no longer sell the Book, *see* Opp. at 6, Jordan cannot demonstrate that she will suffer irreparable harm absent the injunctive relief sought.

The case will proceed in due course, with Golden Bridge's response to Jordan's complaint due February 8, 2022. *See* Dkt. 27 (affidavit of service). As the Court stated in its January 25, 2023 order, Golden Bridge, should it wish to participate in and defend this case, must promptly secure legal representation and such counsel must formally appear on its behalf, as an entity cannot represent itself in legal proceedings.

Jordan is directed to file proof of service of this order on Golden Bridge by February 6, 2023.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 3, 2023
      New York, New York